IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIGEL SOOKLAL, : | |
|     Petitioner, : | |
| : | 1:14-CV-0720 |
| v. : | |
| : | Hon. John E. Jones III |
| THE DISTRICT DIRECTOR FOR : | |
| IMMIGRATION CUSTOM : | |
| ENFORCEMENT, *et al.*, : | |
|     Respondents. : | |

## **MEMORANDUM**

### **September 22, 2014**

On April 14, 2014, Petitioner, Nigel Sooklal, a native and citizen of Trinidad and Tobago, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE") and seeking a release from confinement. (Doc. 1, p. 23). At the time his petition was filed, Petitioner was detained at the York County Correctional Facility, in York, Pennsylvania. (Doc. 1).

On September 18, 2014, Respondents filed a suggestion of mootness stating that, pursuant to a final order of removal issued by the Immigration Judge on March 10, 2014, Petitioner was removed from the United States and returned to Trinidad and Tobago on June 26, 2014. (Doc. 9, Exhibit A). Respondents argue that the habeas petition is therefore moot. (Doc. 9, pp. 2-3), *citing Blanciak v.*

*Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."); *Rose v. Hodges*, 423 U.S. 19, 21 (1975); *DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005).  For the reasons set forth below, the habeas petition will be dismissed as moot.

I.    DISCUSSION

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009).  "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition."  *Green v. Decker, et al.*, 2013 U.S. Dist. LEXIS 82974, *2 (M.D. Pa. 2013) (Kane, J.) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)).  Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is deported, the petition becomes moot because the petitioner has achieved the relief sought.  *See Tahic v. Holder*, 2011 U.S. Dist. LEXIS 49782, *3-4 (M.D. Pa. 2011) (Nealon, J.); *Nguijol v. Mukasey*, 2008 U.S. Dist. LEXIS 95464, *1-2 (M.D. Pa. 2008) (Conner, J.) (dismissing the habeas petition as moot).

In the present case, the habeas petition only challenges Petitioner's continued detention pending removal. *See* (Doc. 1). For relief, Petitioner requests that this Court issue an Order directing ICE "to exercise its discretion to release petitioner on parole, on order of his own recognizance, or a reasonable bond." (Doc. 1, p. 23). Because Petitioner has since been deported to Trinidad and Tobago, the petition no longer presents an existing case or controversy. *See Tahic*, 2011 U.S. Dist. LEXIS 49782 at *3-4 (citing *DeFoy*, 393 F.3d at 441). Further, Petitioner has received the habeas relief he sought, namely, to be released from ICE custody. *See Sanchez v. Attorney General*, 146 Fed. Appx. 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the petitioner was released); *Green*, 2013 U.S. Dist. LEXIS 82974 (concluding that the petitioner's removal to Jamaica rendered the habeas petition moot because he received the only relief sought, his release on supervision from ICE custody). Accordingly, the instant habeas corpus petition will be dismissed as moot.

A separate Order will be issued.